**STATE, ex rel., PAYNE, Relator-Appellee, v. INDUSTRIAL COMMISSION and OHIO OIL COMPANY, Respondents-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 6209.   Decided October 20, 1959.

R. Brooke Alloway, Columbus, for relator-appellee.

Mark McElroy, Atty. Genl., William G. Carpenter, Robert M. Duncan, Asst. Attys. Genl., Columbus, for The Industrial Commission of Ohio, respondent-appellant.

Carlton S. Dargusch, Jr., Columbus, for The Ohio Oil Company, respondent-appellant.

## OPINION

By BRYANT, PJ.

Homer Payne, relator-appellee, filed suit for a writ of mandamus in the Common Pleas Court of Franklin County seeking to compel the Industrial Commission of Ohio, respondent-appellant, to conduct a hearing on his application for additional compensation. Upon motion of the Ohio Oil Company, also respondent-appellant, that company, a self-insurer under the workmen's compensation law and the employer, was made a party respondent in the case.

The trial court at the conclusion of the case ordered the issuance of a writ of mandamus to compel the commission to conduct the hearing upon whether certain payments received by Payne were benefits or compensation and also upon the question whether Payne was entitled to additional compensation under the workmen's compensation law.

The decision was incorporated in a journal entry which became the judgment and final order and was filed on April 29, 1959, bearing the approval of counsel for relator-appellee and for the two respondents-appellants.

Notices of appeal on questions of law were filed as follows: By the Ohio Oil Company, on May 15, 1959, and by the Industrial Commission, on May 20, 1959, both filing praecipes for a transcript of docket and journal entries and the original papers to be filed in this court.

The transcript and original papers were filed May 21, 1959, and during the two and one-half months following, nothing else was filed. On August 6, 1959, a motion to extend rule day for the filing of appellant's brief until August 26, 1959, was filed accompanied by indication of service by mail of a copy upon opposing counsel. No brief or supporting memorandum appears to have been filed with such motion as required under Rule III, paragraph 1 of the Rules of the Courts of Appeals of Ohio. We also note that no mention appears to have been made of the assignment of errors.

On August 10, 1959, counsel for relator filed a motion to dismiss the appeal for (1) failure to file a bill of exceptions either in the common pleas court, agreeable to §2321.05 R. C., or in this court, pursuant to Rule VII of the Rules of the Courts of Appeals of Ohio and also (2)

for failure to file a brief within the period provided by Rule VII, supra. This was accompanied by a memorandum, indication of service and an affidavit that counsel for relator-appellee on August 4, 1959, had submitted to opposing counsel an entry proposing to dismiss the appeal.

On August 20, 1959, a memorandum opposing the motion to dismiss was filed by counsel for the oil company with indication of service and the same counsel on August 26, 1959, filed separately their brief, assignments of error and indication of service.

Meanwhile a proposed journal entry has been submitted bearing the approval of all of the parties. If approved, this entry would grant an extension of time to respondent-appellant to file its brief and would withdraw the portion of relator-appellee's motion objecting to the late filing of the brief.

This latest draft of entry was followed by an extensive and well-written brief, the purpose of which was to show that the matter lay within the discretion of the court.

A portion of the motion to dismiss remains in full force and effect and in searching the record it appears that this court may not pass upon the interlocutory questions, but must sustain the motion to dismiss because the questions involved have become moot. It will be remembered that the principal relief sought by Payne was a writ of mandamus ordering the commission to hold a hearing on Payne's claim and that the writ was issued by the court of common pleas. The record also discloses that the commission failed within twenty days after entry of the judgment below to file its notice of appeal and hence is under a positive order of the court below to conduct the hearing.

As we have said, the final order below was entered on April 29, 1959, and the twenty day period for appeal expired on Tuesday, May 19, 1959. While the commission had the right to appeal, it was not required to do so.

Applicable here is §2505.07 R. C., reading in part as follows:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"(A) Appeals to the supreme court or to courts of appeals, or from municipal courts and from probate courts to courts of common pleas, shall be perfected within twenty days."

In computing time in which an act is required by law to be performed, the first day is omitted and the last is included unless it falls on Sunday, according to §1.14 R. C., which reads as follows:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that the last day shall be excluded if it falls on Sunday."

Applying the above rules, it will be seen that the writ of mandamus commanding the commission to hold the hearing sought by Payne became final at the close of the twentieth day, which was May 19, 1959. Any action taken by the commission after that date as to the filing of a notice of appeal came too late.

As a result, the entire case became moot and courts are not required to pass on moot questions. Under these circumstances it would appear that no useful purpose will be served by passing upon the other question here except to sustain the motion to dismiss, which accordingly is ordered for the reasons above set forth.

DUFFY, J, concurs.

MILLER, J, not participating.